— EXHIBIT 1 —

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LARDONE DAVIS AND MUHAMMAD SANAULLAH** individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**LAWSON PRODUCTS, INC.,**<br><br>Defendant. | Case No.: 1:23-cv-02118<br><br>Magistrate Judge Fuentes |

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between (i) Lardone Davis and Muhammad Sanaullah ("Plaintiffs" or "Settlement Class Representatives"), individually and on behalf of the Settlement Class (defined below); and (ii) Lawson Products, Inc. ("Defendant" or "Lawson") in the case titled *Davis v. Lawson Products, Inc.* Case No. 2023-cv-02118, United States District Court for the Northern District of Illinois, Eastern Division. Lawson and Plaintiffs are collectively referred to herein as the "Parties." The lawsuit being resolved is referred to herein as the "Litigation."

## I. FACTUAL BACKGROUND AND RECITALS

1. Plaintiffs allege that, on February 8, 2022, Lawson discovered its systems had been hacked (the "Data Incident"). Plaintiffs further allege that this hacking exposed certain personally identifiable information and protected health information (together "PII/PHI") of Lawson's current and former employees. Specifically, the following types of PII were allegedly exposed: names, home addresses, Social Security numbers, driver's license numbers, passport numbers, state ID card numbers, medical information, health insurance information, financial account numbers, credit card numbers, and debit card numbers.

2. In April 2023, Plaintiffs Lardone Davis and Muhammad Sanaullah, individually and on behalf of a putative class, filed an action against Lawson in the United States District Court, Northern District of Illinois, Eastern Division. Plaintiffs' complaint asserted claims of negligence, breach of implied contract, breach of fiduciary duty, intrusion upon seclusion/invasion of privacy, unjust enrichment, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and declaratory judgment. After Defendant moved to dismiss the complaint in June 2023, discovery commenced. However, the case was stayed in February 2024 to explore early resolution.

3. On May 15, 2024, following informal discovery and an exchange of information for mediation purposes, the Parties participated in private mediation before Hon. Wayne R. Andersen (Ret.), an experienced mediator. Although the Parties engaged in extensive discussions, they were unable to reach a settlement during the mediation and subsequently resumed.

4. Throughout their mediation session, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation and all other factors bearing on the merits of settlement.

5. After private mediation did not result in a settlement, settlement discussions stalled and did not resume until a Settlement Conference on January 31, 2025.

6. In the interim, the stay of litigation was lifted on August 1, 2024, and the case proceeded with extensive discovery, motion practice, and preparation for depositions and expert disclosures. Defendant's amended motion to dismiss was fully briefed and remains pending before the District Judge.

7. On January 31, 2025, the Parties participated in a Settlement Conference before Magistrate Judge Gabriel Fuentes, during which the Parties agreed to resolve the case on the terms set forth in this Agreement.

8. The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties.

9. Lawson denies all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future based on the conduct alleged in the complaint. Despite Lawson's position that it is not liable for, and has good defenses to, the claims alleged in the Litigation, Lawson desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

10. The Parties now enter into this Settlement Agreement. Plaintiffs and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiffs' determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

11. Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

12. In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties, Plaintiffs, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II. DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

13. "**Approved Claims**" shall mean complete and timely Claim Forms submitted by Settlement Class Members that have been approved by the Settlement Administrator and which shall be paid from the Settlement Fund.

14. "**Claim Form**" shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement Agreement, which is attached as **Exhibit C**.

15. "**Claims Deadline**" shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date ninety (90) days after the Notice Date is entered. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

16. "**Class Counsel**" shall mean Cassandra P. Miller of Strauss Borrelli PLLC.

17. "**Counsel**" or "**Counsel for the Parties**" means both Class Counsel and Defendant's Counsel, collectively.

18. "**Court**" shall mean the Honorable Judge Georgia N. Alexakis, Magistrate Judge Gabriel A. Fuentes, or any other District Court or Magistrate Judge of the United States District Court for the Northern District of Illinois presiding over this Litigation.

19. **"Credit Monitoring"** means two years of three-bureau credit monitoring administered through the Settlement Administrator.

20. **"Data Incident"** means the unauthorized third-party access to Lawson's computer systems that Lawson discovered in February 2022, and which is the subject of this Litigation.

21. "**Defendant**" shall mean Lawson Products, Inc.

22. "**Defendant's Counsel**" shall mean Peter Dreyer of Cozen O'Connor.

23. “**Effective Date**” shall mean the first date by which all of the events and conditions specified in Paragraph 26 have occurred and been met.

24. “**Fee and Expense Application**” shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys’ fees, as well as Service Awards for the Class Representatives.

25. “**Fee Award and Expenses**” means the amount of attorneys’ fees and reimbursement of litigation expenses awarded by the Court to Class Counsel, to be paid from the Settlement Fund.

26. “**Final**” means the Final Approval Order has been entered on the docket, and (1) the time to appeal from such order has expired and no appeal has been timely filed; (2) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (3) the Court following the resolution of the appeal enters a further order or orders approving settlement on the material terms set forth herein, and either the time to further appeal from such order has expired and no further appeal is taken from such order(s) or any such appeal has been finally resolved and results in affirmation of such order(s). Notwithstanding the above, any order modifying or reversing any attorneys’ fee award or service award made in this case shall not affect whether the Final Approval Order is “Final” as defined herein.

27. “**Final Approval Hearing**” means the hearing before the Court where the Plaintiffs will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award and Expenses, and approving a Service Award to the Class Representatives.

28. “**Final Approval Order**” shall mean an order entered by the Court, in substantially the same form as the one attached hereto as **Exhibit E**, that:

i. Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

ii. Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

iii. Dismisses Plaintiffs’ claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

iv. Approves the Release provided in Section IX and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

v. Includes as an exhibit a list of individuals who timely and validly opted out of the Settlement;

vi. Reserves jurisdiction over the Settlement and this Settlement Agreement; and

vii. Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing.

29. "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Class Members about class action settlements and specifically about this Settlement.

30. "**Litigation**" shall mean the action titled *Davis v. Lawson Products, Inc.* Case No. 2023-cv-02118, United States District Court for the Northern District of Illinois, Eastern Division.

31. "**Long Form Notice**" is the content of the notice substantially in the form as **Exhibit B**, which will be posted on the Settlement Website and will include robust details about the Settlement.

32. **"Net Settlement Fund"** means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (1) Settlement Notice and Administrative Expenses; (2) Fee Award and Expenses; (3) Service Awards; and (4) Taxes and Tax-Related Expenses.

33. "**Notice**" means the notice of this proposed Settlement to be provided to the Settlement Class substantially in the manner set forth in this Settlement Agreement. Notice shall consist of: (1) the Short Form Notice (**Exhibit A**); (2) the Long Form Notice (**Exhibit B**); (3) the Settlement Website, and (4) Media Notice for those Class Members for whom Defendant does not have a mailing address. The Notice Deadline in this case will be 30 days after the Preliminary Approval Order is entered.

34. "**Notice Deadline**" means the last day by which the Short Form Notice must be issued to the Settlement Class Members. The Notice Deadline also marks the date on which the Media Notice will commence. The Notice Deadline will occur 30 days after the Preliminary Approval Order is entered.

35. "**Notice and Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with preparing and sending the required notices to appropriate state and federal officials under the Class Action Fairness Act of 2005, providing Notice to the Settlement Class, locating Settlement Class Members, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Participating Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

36. "**Objection Deadline**" means the last day by which a written objection to this Settlement Agreement must be postmarked and/or filed with the Court and sent to the Settlement Administrator, which shall be designated as sixty (60) days after the Notice Deadline, or such other date as ordered by the Court.

37. "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may file a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

38. **"Participating Settlement Class Member"** means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

39. "**Parties**" shall mean Plaintiffs and Defendant, collectively.

40. "**Plaintiffs**" or "**Class Representative**" shall mean the named class representative, Lardone Davis.

41. "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Settlement Agreement. Attached as **Exhibit D**.

42. **"Pro Rata Cash Payment"** means a pro rata cash payment of the Net Settlement Fund after payment of valid claims for Unreimbursed Losses.

43. "**Released Claims**" shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement.

44. "**Released Parties**" shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement.

45. "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Participating Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

46. "**Remainder Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund authorized by this Settlement Agreement have been paid and Approved Claims to Participating Settlement Class Members have been made. The funds remaining in the Settlement Fund after completion of these disbursements and after the time for cashing and/or depositing checks has expired will be Remainder Funds. Subject to Court approval, the Remainder Funds will be sent to the Electronic Privacy Information Center (EPIC), a charitable organization, as a *cy pres* distribution.

47. "**Service Award**" shall have the meaning ascribed to it as set forth in Section X of this Settlement Agreement. The Service Award requested in this matter will be $5,000 to the named Plaintiffs, subject to court approval, and is to be paid from the Settlement Fund.

48. "**Settlement Administrator**" means, subject to Court approval, Angeion Group, an entity jointly selected and supervised by Class Counsel and Defendant to administer the settlement.

49. "**Settlement Class**" or **"Class"** means "All individuals residing in the United States whose Sensitive Information was compromised in the Data Incident affecting Defendant in February 2022, including all those who received notice of the breach." Excluded from the Settlement Class are: (1) the judges presiding over this Litigation, and members of their direct families; (2) the Defendant, their subsidiaries, parent companies, successors, predecessors, and any

entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

50. "**Settlement Class List**" means a list of each Settlement Class Member's full name, current or last known residential mailing address, and all known email addresses, which Defendant or Defendant's agent shall provide to the Settlement Administrator within seven (7) days of the entry of the Preliminary Approval Order.

51. "**Settlement Class Member**" means an individual who falls within the definition of the Settlement Class.

52. "**Settlement Fund**" means the non-reversionary common fund amount of five hundred sixty-two thousand and five hundred dollars ($562,500) to be paid by, or on behalf of, Defendant, including any interest accrued thereon after payment, this being the full and complete limit and extent of Defendant's obligations with respect to the Settlement.

53. "**Settlement Payment**" means the payment to be made via mailed check and/or electronic payment to a Participating Settlement Class Member from the Settlement Administrator from the Settlement Fund.

54. "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of **Exhibits A-E** (or any forms of these notices that are approved by the Court), this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website, will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the Complaint filed in this matter, a copy of the Long Form Notice, Short Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, the deadlines for filing a claim, objection, or exclusion requests, and the date of the Fairness Hearing. The Settlement Website is viewed as an important piece of the notice plan to Class Members. The Settlement Website will remain active until 90 days after the Effective Date.

55. "**Short Form Notice**" is the postcard notice that will be mailed to each available Settlement Class Member, which shall be substantially similar in form to **Exhibit A** attached hereto.

56. "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

57. **"Unreimbursed Economic Losses"** means out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are supported by reasonable third-party documentation. "Unreimbursed Economic Losses" include things such as losses related to fraud and identity theft, the purchase of identity protection services, credit monitoring services, or ID

theft insurance, and such expenses must be fairly traceable to the Data Incident and not already reimbursed by a third party.

## III. SETTLEMENT FUND

58. **Establishment of Settlement Fund**. Within thirty (30) days of the Effective Date, Defendant shall cause to be deposited the sum of $562,500.00, into an account established and administered by the Settlement Administrator at a financial institution agreed upon by the Settlement Administrator, Defendant, and Class Counsel, less any amounts paid by Defendant for Notice and Administrative Expenses prior to the Effective Date. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9 to Defendant within five (5) days of the entry of the Final Approval Order. Following Defendant's payment of the Settlement Fund monies as described in this Paragraph, Defendant shall have no responsibility, financial obligation, or liability whatsoever with respect to the selection of the Settlement Fund account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes or Tax-Related Expenses imposed on the Settlement Fund account or its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund.

59. **Payment of Notice and Administration Expenses**: Any Notice and Administrative Expenses that are required to be paid prior to the Effective Date will be paid for or caused to be paid directly by Defendant. The total amount of Notice and Administrative Expenses paid prior to the Effective Date shall be treated as if paid from the Settlement Fund and shall reduce the amount that Defendant will be required to pay or cause to be paid into the Settlement Fund after the Effective Date. Any Notice and Administrative Expenses that are owed after the funding of the Settlement Fund pursuant to Paragraph 52 of the Settlement Agreement shall be paid directly from the Settlement Fund.

60. **Qualified Settlement Fund**. The Parties agree that the Settlement Fund is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. All interest on the funds in the Qualified Settlement Fund shall accrue to the benefit of the Class. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

61. **Custody of Settlement Fund**. The Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the

entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraphs 87-89.

62. **Use of the Settlement Fund**. As further described in this Agreement and in Exhibit B, the Settlement Fund shall be used by the Settlement Administrator to pay for the following (although not in this order): (1) reimbursement for Unreimbursed Economic Losses; (2) Pro Rata Cash Payments; (3) Credit Monitoring (4) Notice and Administrative Expenses; (5) Service Award payments approved by the Court; and (6) the Fee Award and Expenses awarded by the Court. No amounts may be withdrawn from the Settlement Fund unless expressly authorized by this Agreement or approved by the Court. Responsibility for effectuating payments described in this Paragraph shall rest solely with the Settlement Administrator and neither Defendant nor Defendant's agents shall have any responsibility whatsoever with respect to effectuating such payments.

63. **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty, and have no responsibility, with respect to the tax treatment by any Settlement Class Representative or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representative and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## IV. SETTLEMENT BENEFITS AND ADMINISTRATION

64. The Settlement Administrator will agree to make the following compensation from the Settlement Fund available to Settlement Class Members who submit valid and timely claim forms. Claims will be subject to review for completeness and plausibility by a Settlement Administrator, and Claimants will have the opportunity to seek review by the Parties' counsel, if they dispute the Settlement Administrator's initial determination.

i. **Compensation for Unreimbursed Economic Losses**: The Settlement Administrator, from the Settlement Fund, will provide compensation, up to a total of $10,000 per person who is a Participating Settlement Class Member, upon submission of a claim and supporting documentation, for unreimbursed economic losses incurred as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses

such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Participating Settlement Class Members with unreimbursed economic losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

Class Members may receive compensation for both Unreimbursed Economic Losses and Pro Rata Cash Payments.

ii. **Pro Rata Cash Payment**: Participating Settlement Class Members can elect to make a claim for a pro rata share of the Net Settlement Fund, less all valid claims for Unreimbursed Losses. To receive this benefit, Participating Settlement Class Members must submit a valid claim form, but no documentation is required to make a claim. The amount of the Cash Payments will be increased or decreased on a *pro rata* basis, depending upon the number of valid claims filed and the amount of funds available for these payments. Class Counsel predicts the value of pro rata payments will exceed $50 per valid claimant.

iii. **Credit Monitoring**: Participating Settlement Class Members can elect to make a claim for two years of three-bureau credit monitoring administered through the Settlement Administrator.

65. **Assessing Claims for Unreimbursed Economic Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for unreimbursed economic losses reflect valid unreimbursed economic losses actually incurred that are fairly traceable to the Data Incident, but may consult with both Class Counsel and Defendant's Counsel in making individual determinations. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

66. **Assessing Claims for Pro Rata Cash Payments**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. A Settlement Class Member shall not be required to submit any documentation or additional information in support of their claim for a Pro Rata Cash Payment. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity. In the event of any ambiguities in the Claim Form, the Settlement Administrator must contact the Settlement Class Member prior to making a determination as to its validity and, specifically, to determine whether the Settlement Class Member wishes to file a claim for a Pro Rata Cash Payment or any other benefits made available under this Settlement Agreement.

67. **Order of Distribution of Funds**. The Settlement Administrator must use the funds available in the Net Settlement Fund (after payment of Notice and Administrative Expenses, Taxes and Tax-Related Expenses, the Fee Award and Expenses, and Service Awards) to make payments for Approved Claims in this order: Unreimbursed Economic Losses followed by payments for Approved Claims for Pro Rata Cash Payments.

68. **Disputes**. To the extent the Settlement Administrator determines a claim for Unreimbursed Economic Losses is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the claimant did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days, which shall be final. The Settlement Administrator may consult with Class Counsel and Defendant's Counsel in making such determinations.

69. **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Lawson after the Effective Date. To the extent any monies remain in the Remainder Fund more than 150 days after the distribution of Settlement payments to the Participating Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, the Remainder Funds will be sent to the Electronic Privacy Information Center (EPIC)as approved by the Court, as a *cy pres* distribution.

70. **Returned Checks**. For any Settlement Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Participating Settlement Class Member to obtain updated address information. Any replacement Settlement Checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

71. **Uncashed Checks**. To the extent that a Settlement Check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Participating Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Participating Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing a check or mailing the Participating Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check. Any reissued Settlement Checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

72. **Settlement Administration Fees**. The Settlement Fund amount provided by Defendant, or on behalf of Defendant, will pay the entirety of the Notice and Administrative Expenses, including the cost of Notice. The Parties have solicited competitive bids for the settlement administration fees, and agree to rely upon postcard reminder notice (to the extent that a reminder notice is necessary), and to utilize email notice where practicable in order to minimize the administration costs while still providing effective notice to the Class. Settlement Administration Fees shall be paid through the Settlement Fund and are limited to the common fund amount.

73. Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Approved Claims for Settlement Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Litigation with prejudice.

74. The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed under this Section and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond payment of monies into the Settlement Fund in the amount set forth in Paragraph 52 above.

75. Once a Settlement Administrator is mutually agreed to by the Parties and after the settlement is preliminarily approved by the Court, the Settlement Administrator will provide notice in a manner mutually agreed upon by the Parties, and which shall consist of direct mail notice.

76. After the Effective Date, the Settlement Administrator shall make payments to all Participating Settlement Class Members that made a valid claim, subject to the procedure set forth herein.

77. The Parties, Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## V. COMMERCIALLY REASONABLE SECURITY MEASURES

78. **Commercially Reasonable Measures**. Lawson has confirmed that commercially reasonable security measures have been implemented and will attest to this in a confidential declaration in support of the Settlement. Upon the Court's request, Defendant will file under seal, for *in camera review*, with copies provided to Class Counsel, a confidential declaration or affidavit, attesting that such measures were implemented on or before and up, and remain in place through, the date of the Preliminary Approval Order. All costs associated with these security-related

measures will be borne by Defendant separate and apart from other settlement benefits and separate and apart from the Settlement Fund.

## VI. SETTLEMENT CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

79. **Notice**. Within seven (7) days after the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the Preliminary Approval Order is entered, the Settlement Administrator shall disseminate Notice to the Settlement Class Members. Notice shall be disseminated via U.S. mail to all Settlement Class Members with known mailing addresses. For those Class Members without known mailing addresses, notice will be provided by media publication to supplement direct mailing. To the extent that Class Counsel believes that reminder notices should be sent to Settlement Class Members, Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members, which shall be sent sixty (60) days after the Notice Date and the cost of which shall be Notice and Administrative Expenses that are paid from the Settlement Fund. The process to issue Notice as described in this Paragraph and the creation and maintenance of the Settlement Website shall constitute the "Notice Plan."

80. **Final Approval Hearing**. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

81. **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by mailing a request for exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The request for exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion," a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the intent to opt-out of the Settlement in the written communication. Each request for exclusion must request exclusion only for that one individual whose personal signature appears on the request. The Notice must state that any Settlement Class Member who does not file a timely request for exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

82. **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee and Expense Application by submitting written objections to the Court no later than the Objection Deadline. A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any); (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five

years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

## VII. PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

83. **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon both the Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date.

84. **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties, within thirty (30) days thereof or a date thereafter that is agreeable to the Parties and the Court or that is otherwise ordered by the Court.

85. **Final Approval**. Class Counsel shall move the Court for a Final Approval Order of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least ninety (90) days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

86. **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Plan and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VIII. MODIFICATION AND TERMINATION

87. **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

88. **Settlement Not Approved**. If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) the Final Approval Order is modified or reversed in any material respect by any appellate or other court, the Parties shall have sixty (60) days from the date of such non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications

to this Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Agreement while an appeal from an order granting approval of the Settlement is pending.

89. **Effect of Termination**. In the event of a termination as provided in Paragraph 88, this Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Litigation as if the Parties had not entered into this Agreement or the Settlement. Further, in the event of such a termination, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification for all purposes other than this Settlement. Any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (a) the fact that Defendant did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification and (b) in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

## IX. <u>RELEASES</u>

90. Upon Final Approval of this Settlement Agreement, Releasors release, acquit, and forever discharge Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, Board of Trustees, and the present and former directors, officers, employees, agents, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, entities managed by Defendant, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the Data Incident ("Released Parties") from all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Incident, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the Data Incident (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Incident.

91. With respect to any and all Released Claims, the Parties stipulate and agree that upon Final Approval of this Settlement Agreement, Releasors shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Settlement Class Representatives and Class Counsel acknowledge, and each Participating Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of unknown claims in the Release was separately bargained for and was a key element of the Settlement Agreement.

92. Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

93. **Mutual Understanding.** The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

94. **Release of Class Representatives and Class Counsel**. Upon the Effective Date, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Litigation, except for enforcement of the Settlement Agreement. .

95. **Bar to Future Suits.** Upon entry of the Final Approval Order, Releasors shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Defendant or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. Likewise, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representatives and Class Counsel or based on any actions taken by Settlement Class Representatives and Class Counsel that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## X. SERVICE AWARD PAYMENTS

96. **Service Award Payments**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee Application that will include a request for Service Award payments for the Settlement Class Representatives in recognition for their contributions to this Litigation not to exceed $5,000. The Settlement Administrator shall make the Service Award payments to the Settlement Class Representatives from the Settlement Fund. Such Service Award payment shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than ten (10) days after the Effective Date.

97. **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of Service Awards in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Awards shall constitute grounds for termination of this Agreement.

## XI. ATTORNEYS' FEES, COSTS, EXPENSES

98. **Attorneys' Fees and Costs and Expenses**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed 33.33% of the value of the Settlement, or $187,500.00, and litigation expenses up to $25,000. Fee Award and Expenses (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than ten (10) days after the Effective Date.

99. **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of the Fee Award and Expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Fee Award and Expenses shall constitute grounds for termination of this Agreement.

## XII. NO ADMISSION OF LIABILITY

100. **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

101. **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiffs; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Litigation or in any proceeding in any court, administrative agency or other tribunal.

## XIII. MISCELLANEOUS

102. **Publicity.** The Parties agree that they shall not publicize this Settlement, Settlement Fund or Settlement Payment, the amount or sum of individual Settlement Class Representatives' or Settlement Class Members' shares or the events and negotiations surrounding this Agreement in any way except by joint pleadings or unopposed motions filed with the Court, if required. Subject to prior approval by Defendant's Releasees, which shall not be unreasonably withheld, Class Counsel may post information on their law firm websites about the Settlement that is consistent with the notice program. If any Party believes a statement is made in violation of this provision, the Parties shall meet-and-confer informally in an effort to resolve the dispute. If the dispute cannot be resolved informally, it shall be submitted to the Court for resolution.

103. **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

104. **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications, and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Agreement may be modified by subsequent agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

105. **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, including without limitation the Notice Deadline, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

106. **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

107. **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

108. **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other in good faith prior to seeking Court intervention.

109. **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of Illinois, without regard to the principles thereof regarding choice of law.

110. **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the

same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

111. **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

Cassandra P. Miller
Raina C. Borrelli
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
cmiller@straussborrelli.com
raina@straussborrelli.com

All notices to Defendant provided for herein, shall be sent by overnight mail and email to:

Peter Drever
COZEN O'CONNOR
Firm ID No. 32782
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7900
PDrever@cozen.com
jmaxwell@cozen.com

The notice recipients and addresses designated above may be changed by written notice.

112. **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

113. **Confidentiality of Discovery Material**. The Parties, Counsel for the Parties, and any retained or consulting experts, agree that each of them remain subject to the Confidentiality Agreement.

114. **No Government Third-Party Rights or Beneficiaries**. No government agency or official can claim any rights under this Agreement or Settlement.

115. **No Collateral Attack**. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after issuance of the Final Approval Order.

116. **Survival**. The Parties agree that the terms set forth in this Settlement Agreement shall survive the signing of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/ Lardone Davis
Plaintiff Lardone Davis

/s/
Plaintiff Muhammad Sanaullah

/s/
Defendant Lawson Products, Inc.

Dated:

/s/

Peter Drever
COZEN O'CONNOR
Firm ID No. 32782
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7900
PDrever@cozen.com
jmaxwell@cozen.com

*Counsel for Defendant Lawson Products, Inc.*

Dated: 04/08/2025

/s/ Cassandra Miller

Cassandra P. Miller
Raina C. Borrelli
STRAUSS BORELLI PLLC
One Magnificent Mile
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
cmiller@straussborrelli.com
raina@straussborrelli.com

*Counsel for Plaintiffs and Proposed Settlement Class Counsel*



Doc ID: b75033e86ecef3b23f37e2f142cff5c6ed467cda

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/______________________________
Plaintiff Lardone Davis

/s/______________________________
Plaintiff Muhammad Sanaullah

/s/______________________________
Defendant Lawson Products, Inc.

Dated:

/s/______________________________

Peter Drever
COZEN O'CONNOR
Firm ID No. 32782
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7900
PDrever@cozen.com
jmaxwell@cozen.com

*Counsel for Defendant Lawson Products, Inc.*

Dated:

/s/______________________________

Cassandra P. Miller
Raina C. Borrelli
STRAUSS BORELLI PLLC
One Magnificent Mile
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
cmiller@straussborrelli.com
raina@straussborrelli.com

*Counsel for Plaintiffs and Proposed Settlement Class Counsel*



Doc ID: 341cdcbfd66c50bf46d2bdc351c2d833a170a9b2

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/

Plaintiff Lardone Davis

/s/

Plaintiff Muhammad Sanaullah

/s/ Richard D. Pufpaf

Defendant Lawson Products, Inc.

Dated: April 9, 2025

/s/

Peter Drever
COZEN O'CONNOR
Firm ID No. 32782
123 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Telephone: (312) 474-7900
PDrever@cozen.com
jmaxwell@cozen.com

*Counsel for Defendant Lawson Products, Inc.*

Dated:

/s/

Cassandra P. Miller
Raina C. Borrelli
STRAUSS BORELLI PLLC
One Magnificent Mile
980 North Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
cmiller@straussborrelli.com
raina@straussborrelli.com
*Counsel for Plaintiffs and Proposed Settlement Class Counsel*

## SETTLEMENT TIMELINE

| | |
|---|---|
| **<u>Grant of Preliminary Approval</u>** | |
| Settlement Administrator provides W-9 to Lawson | 5 days after Preliminary Approval Order |
| Lawson provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Lawson to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| **<u>Final Approval Hearing</u>** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **<u>Final Approval</u>** | |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 10 days after Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |

— EXHIBIT A —

**Notice of Proposed Class Action Settlement**

**If you are an individual residing in the United States who was sent notice of unauthorized third-party access to Lawson Products, Inc.'s computer systems that was discovered in February 2022, a class action settlement may affect your rights.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**For more information about the Settlement, please visit WEBSITE or call toll-free 1-XXX-XXX-XXXX.**

Lawson Data Incident Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

«ScanString»
Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

| NOTICE ID: «NOTICE ID»<br>«FIRST NAME» «LAST NAME»<br>«ADDRESS» | **Lawsom Data Incident Settlement CLAIM FORM** | «Barcode» |
|---|---|---|

To submit a claim for Credit Monitoring or a Pro Rata Cash Payment, please complete the form below, sign, and mail this portion of the postcard to the Settlement Administrator **by no later than DATE**. *Claims for Unreimbursed Economic Losses require supporting documentation and therefore must be submitted online at WEBSITE or by downloading a Claim Form from the Settlement Website to complete and mail to the Settlement Administrator.*

**Do you want to receive two (2) years of free three-bureau Credit Monitoring?** ☐ YES ☐ NO
Please provide your email address: ________________________________

**Do you want to receive a Pro Rata Cash Payment?** ☐ YES ☐ NO
*The amount of the Cash Payments will be increased or decreased on a pro rata basis, depending upon the number of valid claims filed and the amount of funds available for these payments.*

**Payment Options:** ☐ PayPal ☐ Venmo ☐ Zelle ☐ Virtual Prepaid Card ☐ Check
Please provide the email address or phone number associated with your PayPal, Venmo or Zelle account, or email address for the Virtual Prepaid card: ___________________________________

**Attestation and Signature**

I swear and affirm under penalty of perjury pursuant to laws of the United States of America that the information provided in this Claim Form is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information before my claim is considered complete and valid.

Signature: ____________________ Date (mm/dd/yyyy): ___/____/______ Print Name: __________________

**The deadline to submit this form is DATE. Questions? Visit WEBSITE or call 1-XXX-XXX-XXXX.**

A proposed settlement has been reached in the lawsuit entitled *Davis v. Lawson Products, Inc.* Case No. 2023-cv-02118, relating to the unauthorized access to the Sensitive Information of current and former employees of Lawson Products, Inc. ("Lawson" or "Defendant") that was discovered in February 2022 ("Data Incident"). Lawson denies all claims alleged against it and denies all charges of wrongdoing or liability. The settlement is not an admission of wrongdoing or an indication that the Lawson has violated any laws, but rather the resolution of disputed claims.

**Am I Included?** Yes. Lawson's records indicate your information may have potentially been involved in the Data Incident.

**Settlement Fund.** A $562,500 Settlement Fund will be created to pay for: (1) reimbursement for Unreimbursed Economic Losses; (2) Pro Rata Cash Payments; (3) Credit Monitoring (4) Notice and Administrative Expenses; (5) Service Award payments approved by the Court; and (6) the Fee Award and Expenses awarded by the Court. Settlement Benefits include:

- Up to $10,000 **Compensation for Unreimbursed Economic Losses** related to the Data Incident.
- **Pro Rata Cash Payment:** Class Counsel predicts the value of *pro rata* payments will exceed $50 per valid claimant, subject to a *pro rata* increase or decrease, depending upon the number of valid claims filed and funds.
- Two years of free three-bureau **Credit Monitoring**.

**How Do I Receive Settlement Benefits?** Class Members must submit a Claim Form online at WEBSITE or by mailing a completed Claim Form postmarked no later than DEADLINE to the Settlement Administrator. If you do not submit a Claim Form, you will not receive a payment from the Settlement.

**What Are My Options?** If you **do nothing** or **submit a Claim Form**, you will not be able to sue or continue to sue the Defendant about the claims resolved by this Settlement. If you **exclude yourself**, you will not receive a payment, but you will keep your right to sue the Defendant in a separate lawsuit about the claims resolved by this Settlement. If you do not exclude yourself, you can **object** to the Settlement. The deadline to exclude yourself from the Settlement or to object to the Settlement is DEADLINE. Visit WEBSITE for complete details on how to exclude yourself from, or object to, the Settlement.

**The Final Approval Hearing.** The Court will hold a Final Approval Hearing at TIME, on DATE, in Courtroom XX located at INSERT COURT ADDRESS. At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court may also consider Class Counsel's Fee Award and Expenses, and Service Award, to be paid from the Settlement Fund. If there are objections, the Court will consider them.

**This Notice is only a Summary. For additional information, please visit WEBSITE or call toll-free 1-XXX-XXX-XXXX.**

______________________________

______________________________

______________________________

Lawson Data Incident Settlement
Attn: Claim Forms
1650 Arch Street, Ste 2210
Philadelphia, PA 19103

— EXHIBIT B —

# <u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>

***Davis v. Lawson Products, Inc.***
**Case No. 2023-cv-02118**
**United States District Court for the Northern District of Illinois, Eastern Division**

## <u>Current and Former Employees of Lawson Products, Inc.</u>
## If your Sensitive Information was compromised as a result of the February 2022 Data Incident, a class action settlement may affect your rights.

*A federal court has authorized this notice. This is <u>not</u> a solicitation from a lawyer.*
*You are <u>not</u> being sued.*

***Please read this Notice carefully and completely.***

- A Settlement has been reached with Lawson Products, Inc. ("Lawson" or "Defendant"), in a class action lawsuit concerning the unauthorized third-party access to Lawson's computer systems that Lawson discovered in February 2022, in which the Sensitive Information of current and former employees was potentially accessed (the "Data Incident").

- The lawsuit is captioned: *Davis v. Lawson Products, Inc.,* Case No. 2023-cv-02118, pending before the United States District Court for the Northern District of Illinois, Eastern Division.

- Lawson denies all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation, or may assert in the future, based on the conduct alleged in the complaint.

- Lawson's position is that it is not liable for, and has good defenses to, the claims alleged in the Litigation. Lawson has decided to settle the Litigation to avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement.

- Your rights are affected whether you act or not. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits from this Settlement is by submitting a valid and timely Claim Form.<br>The fastest way to submit your Claim Form is online at www.[Settlement Website].com. | **______, 2025** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefits. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can hire your own legal counsel at your own expense. | **_______, 2025** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **_______, 2025** |
| **DO NOTHING** | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

Click on a link below to jump to that Section:


- Basic Information
- Who is in the Settlement
- The Settlement Benefits
- Submitting a Claim Form for Settlement Benefits
- The Lawyers Representing You
- Excluding Yourself from the Settlement
- Commenting on or Objecting to the Settlement
- The Court's Final Approval Hearing
- If I Do Nothing
- Getting More Information

# Basic Information

## 1. Why was this Notice issued?

The United States District Court for the Northern District of Illinois, Eastern Division, authorized this Notice because you have a right to know about the proposed Settlement of this class action lawsuit, and about all your options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is captioned: *Davis v. Lawson Products, Inc.,* Case No. 2023-cv-02118. The individuals that filed this lawsuit, Lardone Davis and Muhammad Sanaullah, are called the "Plaintiffs" or "Settlement Class Representatives" and the entity they sued, Lawson Products, Inc., is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit concerns the unauthorized third-party access to the Sensitive Information of current and former employees of Lawson that was discovered in February 2022. Specifically, the following types of personally identifiable information were allegedly exposed: names, home addresses, Social Security numbers, driver's license numbers, passport numbers, state ID card numbers, medical information, health insurance information, financial account numbers, credit card numbers, and debit card numbers.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are known as "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "class" or "class members." One court resolves the lawsuit for all class members, except for those who opt out of the settlement.

## 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or the Defendant. Plaintiffs and the Defendant have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Settlement Class Members to receive benefits from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Settlement Class Members.

# Who is in the Settlement?

## 5. Who is included in the Settlement?

You are included in the Settlement Class if you are an individual residing in the United States whose Sensitive Information was potentially compromised in the Data Incident affecting the Defendant in February 2022, including all individuals who received notice of the breach.

## 6. Are there exceptions to being included?

Yes. Excluded from the Settlement Class are: (1) the judges presiding over this Litigation, and members of their direct families; (2) the Defendant, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

If you are not sure whether you are included in the Settlement Class, you can ask for free help by contacting the Settlement Administrator by mail, email, or by calling toll-free.

Lawson Data Incident Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
info@[SettlementWebsite].com
1-XXX-XXX-XXXX

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

The Settlement provides for the creation of a $562,500 Settlement Fund that shall be used to pay for the following: (1) reimbursement for Unreimbursed Economic Losses; (2) Pro Rata Cash Payments; (3) Credit Monitoring (4) Notice and Administrative Expenses; (5) Service Award payments approved by the Court; and (6) the Fee Award and Expenses awarded by the Court.

**Compensation for Unreimbursed Economic Losses.** Participating Settlement Class Members can claim up to a total of $10,000 per person for unreimbursed economic losses incurred as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Participating Settlement Class Members with unreimbursed economic losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

**Pro Rata Cash Payment.** Participating Settlement Class Members can elect to make a claim for a pro rata share of the Net Settlement Fund, less all valid claims for Unreimbursed Losses. No documentation is required for this benefit. The amount of the Cash Payments will be increased or

decreased on a *pro rata* basis, depending upon the number of valid claims filed and the amount of funds available for these payments. Class Counsel predicts the value of pro rata payments will exceed $50 per valid claimant.

**Credit Monitoring.** Participating Settlement Class Members can elect to receive two years of free credit monitoring services from all three major credit bureaus, which will be provided and administered by the Settlement Administrator.

For more information about these benefits or to view the Settlement Agreement, please visit www.[SettlementWebsite].com.

### 9. What claims am I releasing if I stay in the Settlement Class?

Unless you opt out of the Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against the Defendant about any of the legal claims this Settlement resolves. The "Releases" section of the Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The Settlement Agreement is available for review at www.[SettlementWebsite].com.

## Submitting a Claim Form for Settlement Benefits

### 10. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the website and mail it to the Settlement Administrator at: Lawson Data Incident Settlement, Attn: Claims, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

You may also contact the Settlement Administrator to request a Claim Form by calling toll-free 1-XXX-XXX-XXXX, by emailing info@ [SettlementWebsite].com, or by writing to the address above.

### 11. What is the deadline for submitting a claim?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, along with any supporting documentation, must be mailed so it is postmarked no later than [Claims Deadline].

### 12. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on __________, 2025. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them.

Settlement benefits will be distributed if the Court grants final approval of the Settlement and after any appeals are resolved, or after the period to seek an appeal has expired.

# The Lawyers Representing You

## 13. Do I have a lawyer in the case?

Yes, the Court appointed Cassandra P. Miller of Strauss Borrelli PLLC to represent you and other Settlement Class Members ("Class Counsel").

## 14. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How will Class Counsel be paid?

Class Counsel will file a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed 33.33% of the value of the Settlement, or $187,500.00, and litigation expenses up to $25,000. Class Counsel will also seek Court approval for Service Awards in the amount of $5,000 for each of the two (2) Settlement Clas Representatives. The Court may award less than these amounts.

# Excluding Yourself from the Settlement

## 16. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and you want to keep your right, if any, to separately sue the Defendant about the legal issues in this case, there are steps that you must take to exclude yourself from the Settlement Class. This is called requesting an exclusion from, or "opting out" of the Settlement Class. The deadline to submit a request for exclusion from the Settlement is [Opt-Out Deadline].

To exclude yourself from the Settlement, you must submit a written request for exclusion that includes the following information:

(i) the name of the proceedings: *Davis v. Lawson Products, Inc.* Case No. 2023-cv-02118, pending in the United States District Court for the Northern District of Illinois, Eastern Division;
(ii) Settlement Class Member's full name;
(iii) current mailing address;
(iv) personal signature; and
(v) the words "Request for Exclusion" or a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the intent to opt-out of the Settlement.

Your request for exclusion must be mailed to the Settlement Administrator at the address below, **postmarked no later than [Opt-Out Deadline]**.

Lawson Data Incident Settlement
ATTN: Exclusion Request
P.O. Box 58220
Philadelphia, PA 19102

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

You may only exclude yourself— not any other person. **Any Settlement Class Member who does not file a timely request for exclusion in accordance with this section will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.**

# Commenting on or Objecting to the Settlement

## 17. How do I tell the Court if I like or do not like the Settlement?

If you are a Settlement Class Member and do not like a portion or all of the Settlement, you can object to it, if you choose. You can give reasons why you think the Court should not approve it. The Court will consider your views.

For an objection to be considered by the Court, the objection must include:

(i) the name of the proceedings;
(ii) the Settlement Class Member's full name, current mailing address, and telephone number;
(iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class;
(iv) the identity of any attorney(s) representing the objector (if any);
(v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;
(vi) a description and/or copies of evidence that may be introduced at fairness hearing;
(vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and
(viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

To be timely, written notice of an objection in the appropriate form must be submitted to the Court at [COURT LOCATION] no later than **[OBJECTION DATE]**.

Any Settlement Class Member who does not file a timely and adequate objection in accordance with this section waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

## 18. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 19. When is the Court's Final Approval Hearing?

The Court will hold a final approval hearing on **[DATE] at [TIME]**, in Courtroom XXX of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

At the final approval hearing, the Court will consider whether to approve the Settlement, Class Counsel's Fee Award and Expenses, and Service Awards to the Settlement Class Representatives. The Court will also consider any objections to the Settlement that were submitted in accordance with the requirements outlined in **Question 17**, above.

If you are a Settlement Class Member, you or your attorney may ask permission to speak at the hearing at your own cost (***See*** **Question 17**).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 20. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you file an objection, you do not have to come to the Final Approval Hearing to talk about it. If you file your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but such attendance is not necessary.

# If I Do Nothing

## 21. What happens if I do nothing at all?

If you are a Settlement Class Member and you do nothing, you will give up the rights described in **Question 9**, including your right to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against the Defendant and the Released Parties about the legal issues resolved by this Settlement. In addition, if you do nothing, you will not receive any benefits from this Settlement.

# Getting More Information

## 22. How do I get more information?

This Notice summarizes the proposed Settlement. Complete details are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you may contact the Settlement Administrator by mail, email, or by calling toll-free.

Lawson Data Incident Settlement
c/o Settlement Administrator
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
info@[SettlementWebsite].com
1-XXX-XXX-XXXX

Publicly filed documents can also be obtained by visiting the office of the Clerk of the Court, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING QUESTIONS ABOUT THIS SETTLEMENT.**

# — EXHIBIT C —

| Your claim must be submitted online or postmarked by: [DEADLINE] | *Davis v. Lawson Products, Inc.*<br>Case No. 2023-cv-02118<br>United States District Court for the Northern District of Illinois, Eastern Division<br>**DATA INCIDENT SETTLEMENT CLAIM FORM** | **LAW CLAIM** |
|---|---|---|

## GENERAL INSTRUCTIONS

You are included in the **Settlement Class** if you are an individual residing in the United States whose Sensitive Information was potentially compromised in the Data Incident affecting Lawson Products, Inc. in February 2022, including all those who received notice of the breach.

> **Excluded from the Settlement Class** are: (1) the judges presiding over this Litigation, and members of their direct families; (2) the Defendant, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

**Data Incident** refers to the unauthorized third-party access to Lawson's computer systems that Lawson discovered in February 2022.

## THE SETTLEMENT BENEFITS

Class Members may receive compensation for both Unreimbursed Economic Losses and Pro Rata Cash Payments.

**Compensation for Unreimbursed Economic Losses.** Participating Settlement Class Members can claim up to a total of $10,000 per person for unreimbursed economic losses incurred as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Participating Settlement Class Members with unreimbursed economic losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation.

**Pro Rata Cash Payment.** Participating Settlement Class Members can elect to make a claim for a pro rata share of the Net Settlement Fund, less all valid claims for Unreimbursed Losses. No documentation is required for this benefit. The amount of the Cash Payments will be increased or decreased on a *pro rata* basis, depending upon the number of valid claims filed and the amount of funds available for these payments.

**Credit Monitoring.** Settlement Class Members can elect to receive two years of free credit monitoring services from all three major credit bureaus, which will be provided and administered by the Settlement Administrator.

## SUBMITTING A CLAIM FORM

Visit www.[SettlementWebsite].com to submit your Claim Form online and upload supporting documentation, if necessary. You may also print out and complete this Claim Form and submit it by U.S. mail to: Lawson Data Incident Settlement, Attn: Claim Forms, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

The deadline to submit a Claim Form online is [Claims Deadline]. If you are mailing your Claim Form, it must be mailed with a postmark date no later than [Claims Deadline].

| Your claim must be submitted online or postmarked by: [DEADLINE] |
|---|

*Davis v. Lawson Products, Inc.*
Case No. 2023-cv-02118
United States District Court for the Northern District of Illinois, Eastern Division
**DATA INCIDENT SETTLEMENT CLAIM FORM**

| **LAW CLAIM** |
|---|

## I. PARTICIPATING SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form.

First Name | Last Name

Street Address

City | State | Zip Code

Email Address | Phone Number | Notice ID (if known)

## II. CREDIT MONITORING SERVICES

☐ Check this box if you would like to receive two (2) years of free three-bureau credit monitoring services. Be sure to provide your email address in Section I above.

## III. UNREIMBURSED ECONOMIC LOSSES

☐ Check this box if you are seeking reimbursement for **Unreimbursed Economic Losses** that were incurred as a result of the Data Incident.

**You must submit supporting documentation** demonstrating the actual unreimbursed expenses you are seeking reimbursement for, capped at $10,000 per Participating Settlement Class Member.

***Complete the table below describing the supporting documentation you are submitting.***

| ***Description of Documentation Provided*** | ***Amount*** |
|---|---|
| *Example: Freezing credit reports* | *$40* |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

**TOTAL AMOUNT CLAIMED:** ______

## IV. PRO RATA CASH PAYMENT

☐ Check this box if you would like to receive a **Pro Rata Cash Payment**.

## V. PAYMENT SELECTION

Please select **one** of the following payment options if you are seeking a payment under Sections III or IV.

☐ **PayPal** - Enter your PayPal email address: ______________________________

☐ **Venmo -** Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Zelle -** Enter the mobile number or email address associated with your Zelle account:

Mobile Number: __ __ __-__ __ __-__ __ __ __ or Email Address: ______________________________

☐ **Virtual Prepaid Card -** Enter your email address: ______________________________

☐ **Physical Check -** Payment will be mailed to the address provided in Section I above.

## VI. ATTESTATION & SIGNATURE

I swear and affirm under penalty of perjury that the information provided in this Claim Form, and any supporting documentation provided is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

| ______________________ | ______________________ | ______________________ |
|---|---|---|
| Signature | Printed Name | Date |

# — EXHIBIT D —

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**LARDONE DAVIS AND MUHAMMAD SANAULLAH** individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

**LAWSON PRODUCTS, INC.,**

Defendant.

Case No.: 1:23-cv-02118
Magistrate Judge Gabriel A. Fuentes

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Lardone Davis and Muhammad Sanaullah ("Plaintiffs" or "Settlement Class Representatives"), Unopposed Motion for Preliminary Approval of Class Action Settlement **(Doc. No. __)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and Defendant Lawson Products, Inc. ("Defendant" or "Lawson") (collectively, the "Parties"), with accompanying exhibits attached as **Exhibit A** to Plaintiffs' Memorandum of Law in Support of their Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class of between approximately 27,000-29,000 individuals, defined as:

> All individuals residing in the United States whose Sensitive Information was compromised in the Data Incident affecting Defendant in February 2022, including all those who received notice of the breach.

Specifically excluded from the Settlement Class are:

> (1) the judges presiding over this Litigation, and members of their direct families; (2) the Defendant, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the Settlement Agreement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Representatives. Additionally, the Court finds that Cassandra P. Miller of Strauss Borrelli, PLLC, will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Settlement Class Counsel pursuant to Rule 23(g)(1).

3. **Preliminary Settlement Approval**. Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement treats the Settlement Class Members equitably, and all of the other factors required by Rule 23 and relevant case law.

4. **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on ___________________________, 202___, at _____________, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e);

(c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Settlement Class Representatives for a Service Award should be approved.

6. **Settlement Administrator**. The Court appoints Angeion Group as the Settlement Administrator, with responsibility for notice and administration of the settlement. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed Notice Plan set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A-C** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, and without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Notice Plan and the Settlement Agreement and its Exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, and their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement, and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to

receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Illinois Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the Notice Plan in conformance with the Settlement Agreement.

9. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of the Settlement Agreement with the Court, the Settlement Administrator acting on behalf of Defendant, shall have served or caused to be served a notice of the Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

10. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written request to the Settlement Administrator in the manner provided in the Notice. The written must include the name of the proceedings, the individual's full name, current address, personal signature, and the words "Request for Exclusion," a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the intent to opt-out of the Settlement in the written communication. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the Notice Deadline, and as stated in the Notice.

Within seven (7) days of the Opt-Out Date, the Settlement Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Settlement Class Members falling within the definition of the Settlement Class who do not timely request to be excluded from the Settlement Class shall be bound by the terms of the Settlement Agreement and the Final Order and Judgment. All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

11. **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Deadline and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court and with copies mailed or hand-delivered to Class Counsel and Defendant's counsel. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any); (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class

Member's attorney.

To be timely, written notice of an objection in the appropriate form must be: (1) mailed, with a postmark date no later than the Objection Deadline, to the Settlement Administrator; and (2) filed with the Court through the Court's ECF system or submitted to the Clerk of the Court for the U.S. District Court for the Northern District of Illinois (Eastern Division), no later than the Objection Deadline.

Any Settlement Class Member (who does not submit a timely written request for exclusion) who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. Any challenge to the Settlement Agreement, the final order approving the Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

12. **Claims Process**. Settlement Class Counsel and counsel for Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the Claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit

under the Settlement but fail to submit a Claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

13. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not issue the Preliminary Approval Order or Final Approval Order; (b) the Effective Date does not occur; or (c) the Final Approval Order is modified or reversed in any material respect by any appellate or other court. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

14. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is

inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

15. **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

16. **Stay of Litigation**. All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

17. **Schedule and Deadlines**. The Court adopts the schedule of dates for the specified actions and further proceedings as set forth in the Settlement Timeline chart below:

**SETTLEMENT TIMELINE**

| | |
|---|---|
| **<u>Grant of Preliminary Approval</u>** | |
| Settlement Administrator provides W-9 to Lawson | 5 days after Preliminary Approval Order |
| Lawson provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Lawson to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| **<u>Final Approval Hearing</u>** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **<u>Final Approval</u>** | |
| Payment of Attorneys' Fees and Expenses Class Representative Service Award | 10 days after Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |

**IT IS SO ORDERED**.

Dated: ____________________

Hon. Judge Gabriel A. Fuentes
UNITED STATES MAGISTRATE JUDGE

# — EXHIBIT E —

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **LARDONE DAVIS AND MUHAMMAD SANAULLAH** individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**LAWSON PRODUCTS, INC.,**<br><br>Defendant. | Case No.: 1:23-cv-02118<br>Magistrate Judge Gabriel A. Fuentes |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. __) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. ____) (collectively, the "Motions"). The Court has reviewed the Motions, and the Settlement Agreement and Release (ECF No. ____) ("Settlement Agreement") entered into between Plaintiffs Lardone Davis and Muhammad Sanaullah ("Plaintiffs") and Defendant Lawson Products, Inc. ("Defendant") (collectively, "Parties"), and it finds that the Motions should be **GRANTED.** Therefore, it is **ORDERED:**

1. The Court, for the purpose of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

3. The Court approves the Release provided in Section 5 of the Settlement Agreement and orders that, as of the Effective Date, the Release Claims will be released as to Released Parties.

4. The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court dismisses with prejudice all claims of the Class against Defendant Lawson Products, Inc. in the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

7. The Court grants Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. ___). The Court awards Class Counsel $187,500.00 in attorneys' fees and $______ expenses, to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement of expenses is fair and reasonable.

8. The Court awards each Class Representative a service award of $5,000.00 for their service to the Class.

9. On ________, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (ECF No. ____) ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement and Class Counsel's Motion for Attorneys' Fees and Litigation Expenses.

10. The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was

the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

11. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

12. The Court finds Defendant Lawson Products, Inc. has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

13. The Court grants final approval to its appointment of Lardone Davis and Muhammad Sanaullah as the Class Representatives of the class. The Court finds for settlement purposes that the Class Representatives are similarly situated to absent Class Members, are typical of the Class, and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Class.

14. The Court grants final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order, appointing Cassandra P. Miller of Strauss Borrelli, PLLC.

15. The Court certifies the following Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Settlement Agreement:

> All individuals residing in the United States whose Sensitive Information was compromised in the Data Incident affecting Defendant in February 2022, including all those who received notice of the breach.

16. The Court finds that the Class defined above satisfies the Requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that (a) the Class of approximately [INSERT from Settlement Administrator] individuals is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek

similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and effective resolution of this controversy.

17. This Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Defendant Lawson Products, Inc. could prevail on one or more of its defenses; having considered the range of Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

a. Plaintiffs and Class Counsel have adequately represented the proposed Class;

b. The terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Defendant;

c. The outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

d. It is possible the proposed Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Defendant could defeat class certification;

e. The value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f. The Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiff and Class Counsel determining that it is in the best interest of the Class Members;

g. The aggregate consideration for the Class—including the Settlement Fund, which Defendant Lawson Products, Inc. shall cause to be funded—is commensurate with the claims asserted and being released as part of the Settlement; and

h. The terms of the Settlement Agreement treat the Class Members equitably relative to each other and fall within the range of settlement terms that would be considered fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

18. The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

19. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant Lawson Products, Inc. of any claim, any fact alleged in Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind

on the part of Defendant Lawson Products, Inc. or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

20. This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendant Lawson Products, Inc. , or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Data Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by Defendant Lawson Products, Inc., Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

21. The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendant Lawson Products, Inc. that Plaintiffs' claims or any similar claims are suitable for class treatment.

Dated: ____________________

_________________________________________
Hon. Judge Gabriel A. Fuentes
UNITED STATES MAGISTRATE JUDGE