UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LARDONE DAVIS** and **MUHAMMAD SANAULLAH** individually, and on behalf of all others similarly situated, | Case No.: 1:23-cv-02118 |
| | Magistrate Judge Fuentes |
| Plaintiffs, | |
| v. | |
| **LAWSON PRODUCTS, INC.,** | |
| Defendant. | |

**ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

This matter comes before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 98 ) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. 95) (collectively, the "Motions"). The Court has reviewed the Motions, and the Settlement Agreement and Release (ECF No. 92) ("Settlement Agreement") entered into between Plaintiffs Lardone Davis and Muhammad Sanaullah ("Plaintiffs") and Defendant Lawson Products, Inc. ("Defendant") (collectively, "Parties"), and it finds that the Motions should be **GRANTED.** Therefore, it is **ORDERED:**

1.      The Court, for the purpose of this Final Judgment, adopts the defined terms as set forth in the Settlement Agreement for any term not otherwise defined herein.

2.      The Court finds that the Settlement Agreement is fair, reasonable, and adequate, as expressed further herein. The Court also finds the Settlement Agreement was entered into in good faith, at arm's length, and without collusion. The Court approves and directs consummation of the Settlement Agreement.

1

3.      The Court approves the Release provided in Section 5 of the Settlement Agreement and orders that, as of the Effective Date, the Release Claims will be released as to Released Parties.

4.      The Court has and reserves jurisdiction over the Settlement and this Settlement Agreement, and for purposes of the Settlement and Settlement Agreement, the Court has and reserves jurisdiction over the Parties to the Settlement.

5.      The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6.      The Court dismisses with prejudice all claims of the Class against Defendant Lawson Products, Inc. in the Litigation, without costs and fees except as explicitly provided for in the Settlement Agreement.

7.      The Court grants Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. 95). The Court awards Class Counsel $187,500.00 in attorneys' fees and $17,294.85 expenses, to be paid according to the terms of the Settlement Agreement. This amount of fees and reimbursement of expenses is fair and reasonable.

8.      The Court awards each Class Representative a service award of $5,000.00 for their service to the Class.

9.      On April 22, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (ECF No. 94) ("Preliminary Approval Order") that preliminarily approved the Settlement Agreement and established a hearing date to consider the final approval of the Settlement Agreement and Class Counsel's Motion for Attorneys' Fees and Litigation Expenses.

10.      The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was

the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.

11.     The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.

12.     The Court finds Defendant Lawson Products, Inc. has complied with the requirements of 28 U.S.C. § 1715 regarding the CAFA Notice.

13.     The Court grants final approval to its appointment of Lardone Davis and Muhammad Sanaullah as the Class Representatives of the class. The Court finds for settlement purposes that the Class Representatives are similarly situated to absent Class Members, are typical of the Class, and are adequate Class Representatives, and that Class Counsel and the Class Representatives have fairly and adequately represented the Class.

14.     The Court grants final approval to its appointment of Class Counsel as provided in the Preliminary Approval Order, appointing Cassandra P. Miller of Strauss Borrelli, PLLC.

15.     The Court certifies the following Class for settlement purposes under Fed. R. Civ. P. 23(a) and 23(b)(3), subject to the Class exclusions set forth in the Settlement Agreement:

> All individuals residing in the United States whose Sensitive Information was compromised in the Data Incident affecting Defendant in February 2022, including all those who received notice of the breach.

16.     The Court finds that the Class defined above satisfies the Requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes in that (a) the Class of approximately 26,905 individuals is so numerous that joinder of all Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class

Members; (d) the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representatives have no interests antagonistic to or in conflict with the Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other methods available for a fair and effective resolution of this controversy.

       17.     This Court, having considered the negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered Plaintiffs' and the Class's likelihood of success both of maintaining this action as a class action and of prevailing on the claims at trial, including the possibility that Defendant Lawson Products, Inc. could prevail on one or more of its defenses; having considered the range of Plaintiffs' possible recovery (and that of the Class) and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

     a.    Plaintiffs and Class Counsel have adequately represented the proposed Class;

     b.    The terms of the Settlement Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiffs and Defendant;

     c.    The outcome of the Litigation was in doubt when the Settlement was reached making the compromise under this Settlement reasonable under the circumstances;

     d.    It is possible the proposed Class could receive more if the Litigation were to go to trial, but it is also possible that the proposed Class could receive less (including the possibility of receiving nothing) and/or that Defendant could defeat class certification;

e.  The value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

f.  The Parties have in good faith determined the Settlement Agreement is in their respective best interests, including both Plaintiff and Class Counsel determining that it is in the best interest of the Class Members;

g.  The aggregate consideration for the Class—including the Settlement Fund, which Defendant Lawson Products, Inc. shall cause to be funded—is commensurate with the claims asserted and being released as part of the Settlement; and

h.  The terms of the Settlement Agreement treat the Class Members equitably relative to each other and fall within the range of settlement terms that would be considered fair, reasonable, and adequate resolution of the Litigation.

Therefore, pursuant to Rule 23(e), the terms of the Settlement Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Class Members. Class Members who did not opt-out of the Settlement are bound by this Final Approval Order. The Settlement Agreement and its terms shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings as to Released Claims and waivers applicable thereto.

18.  The Court approves the distribution and allocation of the Settlement Fund under the Settlement Agreement pursuant to the terms of the Settlement Agreement.

19.  This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant Lawson Products, Inc. of any claim, any fact alleged in Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind

on the part of Defendant Lawson Products, Inc. or of the validity or certifiability for this Litigation or other litigation of any claims or class that have been, or could have been, asserted in the Litigation.

20.     This Final Approval Order, and all statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing by Defendant Lawson Products, Inc. , or that Plaintiffs, any Class Member, or any other person has suffered any damage due to the Data Incident. Notwithstanding the above, the Settlement Agreement and this Final Approval Order may be filed in any action by Defendant Lawson Products, Inc., Class Counsel, or Class Members seeking to enforce the Settlement Agreement or the Final Approval Order.

21.     The Settlement Agreement and Final Approval Order shall not be construed or admissible as an admission by Defendant Lawson Products, Inc. that Plaintiffs' claims or any similar claims are suitable for class treatment.

Dated:  August 29, 2025

Hon. Judge Gabriel A. Fuentes
UNITED STATES MAGISTRATE JUDGE